IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOCELYN GABRIEL, | No. 1:21-CV-00132 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ICE, *et al.*, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

**AUGUST 19, 2022**

Plaintiff Jocelyn Gabriel filed the above-captioned *pro se* civil action,[1] which names 12 Defendants, including multiple federal agencies and numerous federal and state officials.[2] Following litigation and an appeal concerning compliance with the requirements for proceeding *in forma pauperis*, this Court issued an Order on December 3, 2021, permitting Plaintiff to submit an appropriate *in forma pauperis* application or pay the full filing fee.[3]

Gabriel opted to pay the full filing fee, which was received by the Court on January 4, 2022.[4] At that point, Gabriel's complaint was deemed filed and thus—

---

[1] Doc. 1.
[2] *Id.* at 6-8.
[3] *See* Doc. 20.
[4] Doc. 21.

under Federal Rule of Civil Procedure 4—he was required to serve all named Defendants or obtain waivers of service of summons from them.[5]

Gabriel took no action with regard to service of his complaint, nor did he file anything on the docket in the 97 days following payment of the filing fee and resultant filing of his complaint. Accordingly, on April 11, 2022, the Court issued an Order to show cause, notifying Gabriel that he was likely "in noncompliance with the time limits for service set forth in Federal Rule of Civil Procedure 4(m)," and directing Gabriel to explain why his complaint should not be dismissed for failure to serve Defendants within the allotted time (a dismissal that Rule 4(m) requires).[6]

Gabriel responded on April 28, 2022.[7] In his response, he asserted that he had "never received any notice from this Court in any of the orders issued" that he had "failed to effectuate proper service of process."[8] He also argued that this Court's December 3, 2021 Order "contained no reference to the requirements of Rule 4(m) nor any notice that this Court deemed the 90 day filing window to have expired . . . on March 3, 2022 or any other date."[9] He further contended that "no motion seeking dismissal has been filed by any Defendant," and that, "though this

---

[5] See FED. R. CIV. P. 4(a)-(d); see also FED. R. CIV. P. 4(*l*) (requiring proof of service to be made to the court "by the server's affidavit" unless service is waived).
[6] Doc. 23.
[7] Doc. 24.
[8] *Id.* at 4.
[9] *Id.* at 5.

2

Court can dismiss [the complaint] on its own motion, it must first provide notice to the Plaintiff."[10]

The Court then issued a Memorandum Opinion and Order on May 3, 2022.[11] In that opinion, the Court first explained that the obvious reason that "no motion seeking dismissal has been filed by any Defendant" is that Gabriel had not served any Defendant, even though it was his responsibility to do so.[12]  The Court further clarified that, although Gabriel's complaint was lodged in 2021, it was never deemed filed because he had not completed the appropriate application to proceed *in forma pauperis* or paid the requisite filing fee.[13]  Additionally, this Court's December 3, 2021 Order had explicitly directed Gabriel to choose one of those options, which Gabriel did when he paid the full filing fee on January 4, 2022.[14] However, more than 90 days had elapsed from that date without Gabriel producing any notice of service or waivers of service.[15]

The Court then admonished Gabriel that its April 11, 2022 Order did exactly what was required under Federal Rule of Civil Procedure 4(m) and what Gabriel had argued was necessary, *i.e.*, the Court had provided notice to Gabriel that it would dismiss his case for failure to serve unless he showed "good cause for the

---

[10]   *Id.*
[11]   Doc. 25.
[12]   *Id.* at 4.
[13]   *Id.*
[14]   *Id.*
[15]   *Id.*

3

failure."[16]  The Court further noted that its April 11 Order did not dismiss Gabriel's case; it provided notice to Gabriel that it *would dismiss* the case—as expressly mandated by Rule 4(m)—unless Gabriel showed good cause for his failure to serve.[17]

Finally, the Court explained that Gabriel was mistaken that some prior, additional notice was required to be provided to him or that this Court was required to inform him about "the requirements of Rule 4(m)."  Rather, the Court noted, it was Gabriel's responsibility to prosecute his case, and the Court was under no obligation to provide legal assistance to him in that prosecution.[18]  The Court then found that, "while it [was] doubtful that Gabriel ha[d] demonstrated good cause for his failure to timely serve Defendants," he would nevertheless be given an additional 60 days to effectuate service.[19]  The Court cautioned Gabriel that if he failed to properly effectuate service by the 60-day deadline and did not show "good cause for the failure," his complaint would be dismissed as required by Federal Rule of Civil Procedure 4(m).[20]

---

[16]  *Id.* at 4-5 (citing FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must dismiss the action* without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." (emphasis added))).
[17]  Doc. 25 at 4-5.
[18]  *Id.* at 5 (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243-44 (3d Cir. 2013)).
[19]  *Id.*
[20]  *Id.* at 5 ¶ 2.

As that Order issued on May 3, 2022, Gabriel had until July 5, 2022, to effectuate service or show good cause for the failure.  Gabriel, however, failed to file proof of service, waiver of service, or any other communication whatsoever by that deadline.  Thus, on July 22, 2022, the Court issued a final show-cause Order, giving Gabriel until August 5, 2022 (an additional 30 days), to show cause as to why his complaint should not be dismissed for failure to serve Defendants within the time required by Federal Rule of Civil Procedure 4(m) and the additional 60-day extension previously afforded.[21]  To date, no response has been filed.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Gabriel's complaint is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve Defendants.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[21] Doc. 26.